# 18 MAG. 4340

## ORIGINAL

Approved: _____
RYAN B. FINKEL
Assistant United States Attorney

Before:    THE HONORABLE KATHARINE H. PARKER
United States Magistrate Judge
Southern District of New York

- - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - v. -

FNU LNU,
       a/k/a "Hernan Sanchez,"
       a/k/a "Gordo Sanchez,"
       a/k/a "Juan Rios,"
       a/k/a "Juan Gillermo,"
       a/k/a "Oswaldo Agudelo,"
       a/k/a "Ivan Carlos Castano,"

                     Defendant.

- - - - - - - - - - - - - - - - - - - - X

**SEALED COMPLAINT**

Violations of
18 U.S.C. §§ 1028A,
1542 and 2

COUNTY OF OFFENSE
NEW YORK

SOUTHERN DISTRICT OF NEW YORK, ss.:

JENNY D. SMOOT, being duly sworn, deposes and says that he is a Special Agent with the Diplomatic Security Service ("DSS"), and charges as follows:

## COUNT ONE
(False Statement in Application for Passport)

1. On or about April 3, 2018, in the Southern District of New York and elsewhere, FNU LNU, a/k/a "Hernan Sanchez," a/k/a "Gordo Sanchez," a/k/a "Juan Rios," a/k/a "Juan Gillermo," a/k/a "Oswaldo Agudelo," a/k/a "Ivan Carlos Castano," the defendant, willfully and knowingly did make false statements in an application for a passport with intent to induce and secure the issuance of a passport under the authority of the United States, for his own use and the use of another, contrary to the laws regulating the issuance of passports and the rules prescribed pursuant to such laws, to wit, LNU submitted a United States passport application containing false information about

1

his identity, including a false name, place of birth, and Social
Security Number.

(Title 18, United States Code, Sections 1542 and 2.)

**COUNT TWO**
(Aggravated Identity Theft)

2. On or about April 3, 2018, in the Southern
District of New York and elsewhere, FNU LNU, a/k/a "Hernan
Sanchez," a/k/a "Gordo Sanchez," a/k/a "Juan Rios," a/k/a "Juan
Gillermo," a/k/a "Oswaldo Agudelo," a/k/a "Ivan Carlos Castano,"
the defendant knowingly did transfer, possess, and use, without
lawful authority, a means of identification of another person,
during and in relation to a felony violation enumerated in Title
18, United States Code, Section 1028A(c), to wit, LNU possessed,
used, and transferred the personal identification information of
another person in connection with his fraudulent passport
application, as charged in Count One of this Complaint.

(Title 18, United States Code, Sections 1028A and 2.)

The bases for my knowledge and for the foregoing
charges are, in part, as follows:

3.   I am a Special Agent with the DSS.  I have been
personally involved in the investigation of this matter, and I
base this affidavit on that experience, on my conversations with
other law enforcement officials, and on my examination of
various reports and records.  Because this affidavit is being
submitted for the limited purpose of demonstrating probable
cause, it does not include all the facts I have learned during
the course of my investigation.  Where the contents of documents
and the actions, statements, and conversations of others are
reported herein, they are reported in substance and in part,
except where otherwise indicated.

4.   Through my training and experience as a DSS
Special Agent, I have learned the following about the passport
application process:

a.   To obtain a United States passport, an
individual must submit a passport application with information
such as the applicant's name, date of birth, Social Security
Number, and address.  A photograph of the applicant must be
affixed to the application.

2

b.    The applicant must appear in person before a passport acceptance agent.  Before approving any application for a passport, the passport acceptance agent will require the applicant to provide photo identification and proof of citizenship, such as a driver's license and birth certificate, and will verify that the applicant appears to be the same person as the person in the photo identification as well as the same person in the photograph affixed to the passport application. The applicant must then sign the application, thereby certifying that the information on the application is true and correct.

c.    If the application is approved, the applicant will be issued a United States passport.

5.  Based on my conversations with other law enforcement officers, my review of records maintained by law enforcement, and my review of notes of interviews conducted by other law enforcement officers, I have learned, among other things, the following:

a.    On or about April 3, 2018, FNU LNU presented an application for a United States passport ("2018 Application").  The 2018 Application was made in the name of a particular individual ("Identity-1") and listed a particular social security number ("SSN-1") as the applicant's social security number.  The 2018 Application also included a particular date of birth in the year 1969 ("DOB-1").  The 2018 Application included a particular photograph ("Photograph-1") as a photograph of the applicant.  The 2018 Application included a particular signature in the name of Identity-1 ("Signature-1").

b.    In support of the 2018 Application, FNU LNU presented a birth certificate issued by Puerto Rico ("Birth Certificate-1") in the name of Identity-1, a New York State Driver's License in the name of Identity-1 ("License-1"), and a social security card with SSN-1 and a particular signature ("Signature-2").  While the birth certificate and New York State Driver's License were in the name of Identity-1 they each listed a particular date of birth ("DOB-2") in 1959 but that otherwise matched the date and month of DOB-1.

c.    The 2018 Application was presented by FNU LNU to an Acceptance Agent at the New York Passport Agency in Manhattan, New York.  The Acceptance Agent asked FNU LNU several questions and reviewed the 2018 Application.  That initial review raised suspicions due to, among other things, that Signature-2 did not convincingly match Signature-1 and because

3

DOB-1, the date of birth listed on the 2018 Application, did not match DOB-2, the date of birth on both Birth Certificate-1 and License-1.

d.    As a result of the Acceptance Agent's suspicions, on or about April 3, 2018, a Fraud Prevention Manager ("FPM") at the New York Passport Agency reviewed Government records associated with Identity-1 and learned that Identity-1 was associated with an address in Pennsylvania. However, FNU LNU stated to the FPM that he had never resided anywhere other than in Puerto Rico and Brooklyn, New York.   FNU LNU also stated to the FPM that he had a twin brother with whom he shared a birthday.

e.    On or about April 3, 2018, two DSS special agents conducted a voluntary interview of FNU LNU.   FNU LNU provided answers to the agents' questions that were inconsistent with information LNU provided to the FPM.   For example, LNU stated that his brother was born in 1960 and was not his twin. The DSS special agents asked if LNU would provide a written statement concerning his identity and also provide his fingerprints.   LNU declined.

f.    Law enforcement agents ran the photograph of LNU on License-1 ("Photograph-2") through facial recognition software.   Facial recognition software associated Photograph-2 with a New York State e-Justice rap sheet ("Rap Sheet-1").   Rap Sheet-1 was associated with an individual bearing four aliases: "Hernan Sanchez," "Gordo Sanchez," "Juan Rios," and "Juan Gillermo."   The dates of birth associated with those four aliases neither match DOB-1 nor DOB-2.   Rap Sheet-1 contains a photograph of the individual associated with it ("Photograph-3").   Law enforcement officers, including those that interviewed FNU LNU, reviewed Photograph-3 and believe Photograph-3 depicts LNU.   Moreover, the individual depicted in Photograph-3 appears to be the same individual depicted in Photograph-1 and Photograph-2.

g.    Rap Sheet-1 was associated with a particular FBI number ("FBI Number-1").   From my training and experience, I know that FBI numbers are assigned to a specific set of fingerprints such that each FBI number is associated with a unique individual and all arrests and convictions associated with an individual's fingerprints are thereby also associated with their unique FBI number.   FBI Number-1 is associated with several other aliases including "Oswlado Agudelo" and "Ivan Carlos Castano."   In and around 1992, "Oswlado Agudelo," was

4

arrested in Virginia, and in connection with that arrest
"Oswlado Agudelo" was photographed ("Photograph-4").   In
addition, when "Ivan Carlos Castano," was arrested in
Connecticut his photograph was taken ("Photograph-5").   Law
enforcement officers, including those that interviewed FNU LNU,
reviewed Photograph-4 and Photograph-5 and believe that
Photograph-4 and Photograph-5 each depict LNU.   Moreover, the
individual depicted in Photograph-4 and Photograph-5 appears to
be the same individual depicted in Photograph-1, Photograph-2
and Photograph-3.

        h.   On or about April 12, 2018, FNU LNU called
one of the DSS agents that had interviewed him on or about
April 3, 2018, to inquire about the status of the 2018
Application.   The DSS agent indicated that Birth Certificate-1
had to be verified.   Later that same day an individual
purporting to be "Identity-1's" attorney contacted the same DSS
agent and inquired about the 2018 Application.   That attorney
was also told that the Birth Certificate-1 had to be verified.

        i.   Law enforcement officers searched Government
databases in Puerto Rico and located a Puerto Rican identity
card issued by the Government of Puerto Rico ("Card-1") bearing
the same name as Identity-1, DOB-2, a particular address in
Puerto Rico ("Address-1") and a photograph ("Photograph-6").
Law enforcement officers, including those that interviewed FNU
LNU, reviewed Photograph-6 and believe that it does not depict
the same individual depicted in Photograph-1, Photograph-2,
Photograph-3, Photograph-4 or Photograph-5.

        j.   On or about April 23, 2018, law enforcement
officers interviewed an individual who identified himself with
the same name as Identity-1 ("Victim-1").   Victim-1 was shown
the 2018 Application and Photograph-1.   Victim-1 stated, in sum
and substance, that he did not know the person in Photograph-1.
Victim-1 also confirmed that DOB-2 and SSN-1 were his personal
identifying information.   Victim-1 confirmed the individual on
Card-1 was himself.   Victim-1 also stated, in sum and substance,
that he had lost his wallet in the past.   Victim-1 signed a
written statement in which Victim-1 affirmed that he understood
that any false statements made to law enforcement agents
concerning these topics would subject him to criminal penalties.

        k.   On or about April 23, 2018, law enforcement
officers in Puerto Rico interviewed an individual who identified
herself as the mother of Victim-1.   Victim-1's mother was shown
the 2018 Passport Application and Photograph-1.   She provided a

written statement signed under the penalty of perjury that
stated, in sum and substance, that she did not recognize the
individual depicted in Photograph-1 but did recognize the
personal identifying information on the 2018 Application as
information associated with her son.

　　　　WHEREFORE, deponent respectfully requests that a
warrant be issued for the arrest of FNU LNU, a/k/a "Hernan
Sanchez," a/k/a "Gordo Sanchez," a/k/a "Juan Rios," a/k/a "Juan
Gillermo," a/k/a "Oswaldo Agudelo," a/k/a "Ivan Carlos Castano,"
the defendant, and that he be arrested and imprisoned or bailed,
as the case may be.

　　　　　　　　　　　　　　　Jenny D. Smoot
　　　　　　　　　　　　　　　Special Agent
　　　　　　　　　　　　　　　Diplomatic Security Service

Sworn to before me this
**21** th day of May, 2018

THE HONORABLE KATHARINE H. PARKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK